**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| ALBERT WRIGHTNER | § | |
| | § | |
| **PLAINTIFF** | § | |
| | § | |
| v. | § | **NO. 5:22-CV-00126** |
| | § | |
| SOUTHWESTERN CORRECTIONAL, | § | |
| L.L.C. d/b/a LaSALLE CORRECTIONS, | § | |
| L.L.C. and LaSALLE SOUTHWEST | § | |
| CORRECTIONS; LaSALLE | § | |
| MANAGEMENT COMPANY, L.L.C.; | § | |
| BOWIE COUNTY, TEXAS; VERNON | § | |
| BOWMAN, M.D., Individually; ASHLEY | § | |
| SPIVEY, Individually; MELISSA GATLIN- | § | |
| DEAN, Individually; JOHN and JANE | § | |
| DOES 1-10 | § | |
| | § | |
| **DEFENDANTS** | § | |

---

**DEFENDANTS' FIRST AMENDED ANSWER**
**(INCLUDING ORIGINAL ANSWER FOR DEFENDANT VERNON D. BOWMAN, M.D.)**

COME NOW, Defendants Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. and LaSalle Southwest Corrections; LaSalle Management Company, L.L.C., Bowie County, Texas; Vernon D. Bowman, M.D., individually, Amanda Spivey, individually (misnamed as Ashley Spivey), and Melissa Gatlin-Deal, individually (misnamed as Melissa Gatlin-Dean), and for their First Amended Answer to Plaintiff's Original Complaint (including Original Answer for Defendant Vernon D. Bowman, M.D.) would show unto the court as follows:

1.      Defendants deny the allegations contained in paragraph 1 of Plaintiff's Original Complaint.

2.       Defendants deny the allegations contained in paragraph 2 of Plaintiff's Original Complaint.

3.      Defendants deny the allegations contained in paragraph 3 of Plaintiff's Original Complaint.

4.   With regard to paragraph 4 of Plaintiff's Original Complaint, defendants admit that this Court has subject matter jurisdiction over civil rights claims.  Further, defendants deny the viability of any claims made in this matter.

5.   Defendants admit personal jurisdiction as asserted in paragraph 5 of Plaintiff's Original Complaint.

6.   Defendants admit that venue is proper as alleged in paragraph 6 of Plaintiff's Original Complaint.

7.   With regard to paragraph 7 of Plaintiff's Original Complaint, defendants admit that Albert Wrightner is a United States citizen and a resident of Texarkana, Texas.

8.   With regard to paragraph 8, defendant Bowie County admits that it is a governmental entity and a political subdivision of the State of Texas and is a person for purposes of 42 U.S.C. section 1983.  Defendant Bowie County, Texas admits that it operates the Bi-State Jail and the Annex.  Defendants deny the remaining allegations in paragraph 8 of Plaintiff's Original Complaint.

9.   Defendants admit that in February 2013, defendant Bowie County contracted with Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. to manage and operate the Bi-State Jail and Annex.  Defendants deny the remaining allegations in paragraph 9 of Plaintiff's Original Complaint.

10.  Defendants Southwestern Correctional, L.L.C. d/b/a LaSalle Corrections, L.L.C. and LaSalle Southwest Corrections admit that it is a Texas limited liability company and is a person under 42 U.S.C. section 1983 and that it managed the day-to-day operations of the Bi-State Jail and Annex.  Defendants admit that the allegations against this defendant arise

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                    **Page 2 of 11**

from actions in the state of Texas. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Original Complaint.

11.   Defendant LaSalle Management Company admits that it is a Louisiana limited liability company and is considered a person under 42 U.S.C. section 1983. Defendant LaSalle Management Company, L.L.C. admits that the allegations arise from actions in the State of Texas, however, the defendant denies the substance of these allegations. Defendant LaSalle Management Company, L.L.C. denies that as of the dates alleged in Plaintiff's Original Complaint it had any obligations pertinent to the Bi-State Jail and Annex and LaSalle Management Company, L.L.C. denies the remaining allegations in paragraph 11 of Plaintiff's Original Complaint.

12.   Defendant Vernon D. Bowman, M.D. admits that he is a United States citizen. Defendant Bowman admits that he was a subcontractor of Southwestern Correctional, L.L.C. Defendant admits that all actions alleged occurred in the state of Texas and this judicial district. Defendant Bowman denies the remaining allegations in paragraph 12 of Plaintiff's Original Complaint.

13.   Defendant Amanda Spivey states that she is misnamed as Ashley Spivey. Defendant Amanda Spivey admits that she is a United States citizen who resides in the State of Texas. Defendant Spivey admits that the allegations arise from actions in the State of Texas, however, Spivey denies the substance of these allegations. Defendant Spivey admits that she was an employee of Southwestern Correctional, L.L.C. and denies the remaining allegations contained in paragraph 13 of Plaintiff's Original Complaint.

14.   Defendant Melissa Gatlin-Deal states that she is misnamed in the caption of this suit as Melissa Gatlin-Dean. Defendant Melissa Gatlin-Deal admits that she is a United States

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                                          **Page 3 of 11**

citizen who resides in the State of Texas. Defendant Gatlin-Deal admits that the allegations arise from actions in the State of Texas, however, Gatlin-Deal denies the substance of these allegations. Defendant Gatlin-Deal admits that she was an employee of defendant Southwestern Correctional, L.L.C. and denies the remaining allegations in paragraph 14 of Plaintiff's Original Complaint.

15.    Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Original Complaint.

16.    Defendants admit that Wrightner was booked into jail on September 26, 2020. Defendants deny the remaining allegations in paragraph 16 of Plaintiff's Original Complaint.

17.    Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Original Complaint.

18.    Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Original Complaint.

19.    Defendants admit that Wrightner never executed a consent form during the intake process. Defendants deny the remaining allegations in paragraph 19 of Plaintiff's Original Complaint.

20.    Defendants admit that Wrightner underwent daily blood sugar and blood pressure checks. Defendants deny the remaining allegations in paragraph 20 of Plaintiff's Original Complaint.

21.    Defendants admit that the nursing staff requested a list of Wrightner's current medications and dosages from his pharmacy. Defendants deny the remaining allegations in paragraph 21 of Plaintiff's Original Complaint.

22.    Defendants admit that on or about September 28, 2020, Wrightner was transferred to the Annex. Defendants deny the remaining allegations in paragraph 22 of Plaintiff's Original Complaint.

23.    Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Original Complaint.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                    **Page 4 of 11**

24.    Defendants deny the allegations set forth in paragraph 24 of Plaintiff's Original Complaint.

25.    Defendants deny the allegations set forth in paragraph 25 of Plaintiff's Original Complaint.

26.    Defendants deny the allegations set forth in paragraph 26 of Plaintiff's Original Complaint.

27.    Defendants admit that Gatlin-Deal checked Wrightner's blood pressure on or about October 3, 2022.  Defendants deny the remaining allegations in paragraph 27 of Plaintiff's Original Complaint.

28.    Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Original Complaint.

29.    Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Original Complaint.

30.    Defendants admit that that Gatlin-Deal transferred Wrightner to Wadley Regional Medical Center. Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Original Complaint.

31.    Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Original Complaint.

32.    Defendants admit that Wrightner was discharged from Wadley on the afternoon of October 4, 2020 and returned to jail.  Defendants deny the remaining allegations in paragraph 32 of Plaintiff's Original Complaint .

33.    Defendants admit that Wrightner was received back into the jail on the evening of October 4, 2020.  Defendants deny the remaining allegations in paragraph 33 of Plaintiff's Original Complaint.

34.    Defendants admit that Wrightner was released from jail on November 19, 2020.  Defendants deny the remaining allegations in paragraph 34 of Plaintiff's Original Complaint.

35.    Defendants deny the allegations set forth in paragraph 35 of Plaintiff's Original Complaint.

36.    Defendants deny the allegations set forth in paragraph 36 of Plaintiff's Original Complaint.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                    **Page 5 of 11**

37.     Defendants deny the allegations set forth in paragraph 37 of Plaintiff's Original Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of Plaintiff's Original Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of Plaintiff's Original Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Original Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of Plaintiff's Original Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of Plaintiff's Original Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of Plaintiff's Original Complaint.

44.     Defendants deny the allegations set forth in paragraph 44 of Plaintiff's Original Complaint.

45.     Defendants deny the allegations set forth in paragraph 45 of Plaintiff's Original Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Original Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of Plaintiff's Original Complaint.

48.     Defendants deny the allegations set forth in paragraph 48 of Plaintiff's Original Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of Plaintiff's Original Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of Plaintiff's Original Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of Plaintiff's Original Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of Plaintiff's Original Complaint.

53.     Defendants deny the allegations set forth in paragraph 53 of Plaintiff's Original Complaint.

54.     Defendants deny the allegations set forth in paragraph 54 of Plaintiff's Original Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of Plaintiff's Original Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of Plaintiff's Original Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of Plaintiff's Original Complaint.

58.     Defendants deny the allegations set forth in paragraph 58 of Plaintiff's Original Complaint.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                    **Page 6 of 11**

59.     Defendants admit that Michael Martinez hung himself in November 2015 in Waco, Texas. Defendants deny the remaining allegations in paragraph 59 of Plaintiff's Original Complaint.

60.     Defendants deny the allegations set forth in paragraph 60 of Plaintiff's Original Complaint.

61.     Defendants admit that Denay Lauren Birnie died of a drug related overdose in November 2017. Defendants deny the remaining allegations in paragraph 61 of Plaintiff's Original Complaint.

62.     Defendants deny the allegations set forth in paragraph 62 of Plaintiff's Original Complaint.

63.     Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Original Complaint.

64.     Defendants deny the allegations set forth in paragraph 64 of Plaintiff's Original Complaint.

65.     Defendants deny the allegations set forth in paragraph 65 of Plaintiff's Original Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of Plaintiff's Original Complaint.

67.     Defendants deny the allegations set forth in paragraph 67 of Plaintiff's Original Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of Plaintiff's Original Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of Plaintiff's Original Complaint.

70.     Defendants deny the allegations set forth in paragraph 70 of Plaintiff's Original Complaint.

71.     Defendants deny the allegations set forth in paragraph 71 of Plaintiff's Original Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of Plaintiff's Original Complaint.

73.     Defendants admit that the corporate defendants and their employees had a duty to treat Mr. Wrightner in accordance with constitutional standards. Defendants deny the remaining allegations in paragraph 73 of Plaintiff's Original Complaint.

74.     Defendants deny the allegations set forth in paragraph 74 of Plaintiff's Original Complaint.

75.     Defendants deny the allegations set forth in paragraph 75 of Plaintiff's Original Complaint.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                    **Page 7 of 11**

76.    Defendants deny the allegations set forth in paragraph 76 of Plaintiff's Original Complaint.

77.    Defendants deny the allegations set forth in paragraph 77 of Plaintiff's Original Complaint.

78.    Defendants deny the allegations set forth in paragraph 78 of Plaintiff's Original Complaint.

79.    Defendants deny the allegations set forth in paragraph 79 of Plaintiff's Original Complaint.

80.    Defendants deny the allegations set forth in paragraph 80 of Plaintiff's Original Complaint.

81.    Defendants deny the allegations set forth in paragraph 81 of Plaintiff's Original Complaint.

82.    Defendants deny the allegations set forth in paragraph 82 of Plaintiff's Original Complaint.

83.    Defendants deny the allegations set forth in paragraph 83 of Plaintiff's Original Complaint.

84.    Defendants deny the allegations set forth in paragraph 84 of Plaintiff's Original Complaint. Further, defendants specifically deny the applicability of Arkansas law to any aspect of this case.

85.    Defendants deny the allegations set forth in paragraph 85 of Plaintiff's Original Complaint.

86.    Defendants deny the allegations set forth in paragraph 86 of Plaintiff's Original Complaint.

87.    Defendants deny the allegations set forth in paragraph 87 of Plaintiff's Original Complaint.

88.    Defendants deny the allegations set forth in paragraph 88 of Plaintiff's Original Complaint.

89.    Defendants deny plaintiff's prayer for relief.

### AFFIRMATIVE DEFENSES

90.    *Qualified Immunity*. Defendants assert the affirmative defense of qualified ("good faith") immunity with regard to any claim against them in their individual capacity because it did not violate any clearly established statutory or constitutional rights of which a reasonable person would have known when performing discretionary functions.

91.    *Absolute Immunity*. Defendants assert the affirmative defense of absolute immunity which protects public officials in their individual capacity.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                    **Page 8 of 11**

92. *Sovereign/Governmental Immunity*. Defendants assert the affirmative defense of sovereign and governmental immunity which protects the States, their agencies, political subdivisions and officials from suit and liability.

93. *Official Immunity*. Defendants assert the affirmative defense of official immunity which protects governmental employees from personal liability.

94. *No Vicarious/Respondeat Superior Liability*. Defendants cannot be held generally liable under a theory of repondeat superior or for the torts of employees, subordinates or co-workers.

95. *Municipal Immunity*. Defendants assert the affirmative defense of municipal immunity because the plaintiff cannot establish a deprivation of rights protected by the Constitution or Federal law that was inflicted pursuant to an official, municipal, county, or governmental policy. Defendants assert that the Plaintiff cannot establish that any official's deliberate conduct was the "moving force" behind the injuries alleged. Therefore, the Plaintiff cannot establish a causal link between any actions and any deprivation of federal rights.

96. *Failure to Exhaust Remedies*. Defendants assert the affirmative defense of failure to exhaust administrative and judicial remedies.

97. *Assumption of the Risk*. Defendants assert the affirmative defense of Wrightner's assumption of the risk.

98. *Contributory or Comparative Negligence*. Defendants assert the affirmative defenses of Wrightner's contributory or comparative negligence.

99. *Failure to Mitigate Damages*. Defendants assert the affirmative defense of Wrightner's failure to mitigate damages.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                    **Page 9 of 11**

100.    The damages, if any, sustained by plaintiff was not caused by any defendant, but rather, was caused by others for whom these defendants are not legally responsible and/or resulted from natural causes.

101.    Defendants assert all defenses, limitations on liability, protections, and requirements afforded under the Texas Tort Claims Act Tex. *See* IV. Prac. & Rem. Code Ann. section 101.001 et seq including the limitation on the amount of liability contained in section 101.023.

102.    Defendants assert all defenses, limitations on liability, protections, and requirements afforded under chapter 74 of the Texas Civil Practice and Remedies Code, including the limitation on damages contained in section 74.301 – 74.303.

103.    Defendants assert that any alleged injuries and damages to plaintiff were the result of pre-existing and/or subsequently existing conditions and not the result of any act or omission on the part of the defendants.

104.    Upon subsequent investigation of the facts of this case, defendants reserve the right to petition the court for leave to amend their answer or affirmative defenses

105.    Upon subsequent investigation into the facts of this case, Defendants reserve the right to petition the Court for leave to amend their answer or affirmative defenses.

## **JURY DEMAND**

106.    Defendants join Plaintiff in his demand for trial by jury.

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                                    **Page 10 of 11**

Respectfully submitted,

Paul Miller
Texas Bar No. 14056050
Troy Hornsby
Texas Bar No. 00790919

MILLER, JAMES, MILLER & HORNSBY, L.L.P.
1725 Galleria Oaks Drive
Texarkana, Texas  75503
paul.miller@miller-james.com
troy.hornsby@miller-james.com
 903.794.2711; f. 903.792.1276

*Attorneys for Defendants*

### Certificate Of Service

This is to certify that on this 4th day of April, 2023, the foregoing document was filed electronically with the Clerk of the Court for the U.S. District Court, Eastern Division of Texas in compliance with Local Rule CV-5(a) and was served on all counsel of record.

Paul Miller

*Wrightner v. Southwestern Correctional, L.L.C. et al*
**Defendants' First Amended Answer**
**(Including Original Answer for Defendant Vernon D. Bowman, M.D.)**                                        **Page 11 of 11**